F.2d 1290, 1295, 192 USPQ 275, 277 (CCPA 1976); *In re Felton*, 484 F.2d 495, 501, 179 USPQ 295, 299 (CCPA 1973); *In re Caveney*, 55 CCPA 721, 728, 386 F.2d 917, 923, 155 USPQ 681, 687 (1967). Commercial success due only to superior business acumen, or effective advertising, is of no relevance to a determination of whether the invention would have been obvious under 35 USC 103. Appellants having failed to establish the required nexus between SRC's market dominance and the features of the invention claimed in the Hood patent, the commercial success indicia of nonobviousness is absent from the present record.

Though the record contains conflicting evidence, and some of the ALJ's findings are internally inconsistent, we cannot say that the refusal to accept appellants' assertion of unexpected results in the solution of a green-corrosion problem was contrary to the weight of the evidence, or that the Commission was unwarranted in adopting those findings of the ALJ which were supportive of and not inconsistent with its "no-violation" determination based on invalidity of the Hood patent.

## Conclusion

We affirm the Commission's determination that there is no violation of Section 337, because the subject matter as a whole of the claims of the Hood patent would have been obvious to one of ordinary skill in the art at the time the invention was made, and the claims are thus invalid under 35 USC 103.

Baldwin, Judge, concurs in the result.

(CUSTOMS APPEAL No. 77–12)

(576 F. 2d 925)

HARVARD UNIVERSITY v. U.S. DEPARTMENT OF COMMERCE, DOMESTIC AND INTERNATIONAL BUSINESS ADMINISTRATION, OFFICE OF IMPORT PROGRAMS

United States Court of Customs and Patent Appeals, June 8, 1978

*Eleanor D. Acheson* (Ropes & Gray) attorneys of record, for Harvard University.

*William Kanter, Susan R. Chalker*, attorneys of record, for the U.S. Department of Justice, Civil Division-Appellate Section.

*Richard M. Seppa*, Director, Special Import Programs Division, Domestic and International Business Administration, U.S. Department of Commerce.

Before MARKEY, Chief Judge, RICH, BALDWIN, LANE and MILLER, Associate Judges.

PER CURIAM.

Both parties have agreed that the decision and judgment of this court dated December 1, 1977 in the consolidated appeals of *Yale University* v. *Department of Commerce, Domestic and International Business Administration, Office of Import Programs,* No. 76–18, and *Brown University* v. *Department of Commerce, Domestic and International Business Administration, Office of Import Programs,* No. 76–30, governs the issues in this appeal, and requires reversal of the denial by appellee of appellant's Request for Duty-Free Entry of the Model EM201C Microscope.

Accordingly, the decision of the Department of Commerce is *reversed.*

(Appeal No. 77–5)

(577 F. 2d 1131)

VETERANS ADMINISTRATION HOSPITAL (SEPULVEDA, CALIFORNIA) *v.* U.S. DEPARTMENT OF COMMERCE, DOMESTIC & INTERNATIONAL BUSINESS ADMINISTRATION

[Decided: July 13, 1978.]

Before MARKEY, *Chief Judge,* RICH, BALDWIN, LANE and MILLER, *Associate Judges*

PER CURIAM.

Both parties have agreed that the decision and judgment of this court dated December 1, 1977, in the consolidated appeals of *Yale University* v. *Department of Commerce, Domestic and International Business Administration, Office of Import Programs,* No. 76–18, and *Brown University* v. *Department of Commerce, Domestic and International Business Administration, Office of Import Programs,* No. 76–30, governs the issues in this appeal, and requires reversal of the denial by appellee of appellant's request for duty-free entry of the electron microscope, Philips Electronics, model EM 201C.

Accordingly, the decision of the Department of Commerce is *reversed.*